IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR GERARDO VILLEGAS,<br>   Movant, | §<br>§<br>§ | <br><br>EP-24-CV-39-FM |
| v. | § | EP-19-CR-2126-FM-1 |
| | § | |
| UNITED STATES OF AMERICA,<br>   Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Movant Victor Gerardo Villegas, federal prisoner number 34474-480, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 154.[1] His opposed motion is denied for the following reasons.

### BACKGROUND AND PROCEDURAL HISTORY

In 2015, Federal agents initiated an investigation into a drug trafficking organization which controlled smuggling routes between the Valle de Juarez in Mexico and four small border towns in West Texas. Presentence Investigation, ECF No. 128 at ¶ 4. They determined the organization relied on undocumented aliens to carry backpacks containing about 50 pounds of marijuana across the international border. *Id*. They identified Villegas as a leader responsible for coordinating the smuggling for the organization. *Id*. at ¶ 5.

On July 3, 2019, a grand jury indicted Villegas for conspiring to import more than 1,000 kilograms of marijuana into the United States in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and (b)(1)(G). Indictment, ECF No. 18. On the same date, the Government filed notice it would seek an enhanced penalty pursuant to 21 U.S.C. § 851 based on Villegas's prior conviction for

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-19-CR-2126-FM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

aggravated assault in cause number 20090D002900 in the 205th District Court of El Paso County, Texas. Information, ECF No. 20. A petit jury found Villegas guilty as charged in the indictment. Jury Verdict, ECF No. 122. The probation officer who prepared Villegas' presentence report increased his mandatory minimum sentence from ten to 15 years' imprisonment under 21 U.S.C. § 960(b)(1) because Villegas had the prior conviction for aggravated assault—considered a serious violent felony at the time. But the probation officer determined Villegas' guideline sentencing range was 360 months to life because he (1) was held accountable for importing 5,665 kilograms of marijuana, (2) had a direct role in importing more than 1,000 kilograms of marijuana, (3) maintained premises for the purpose of distributing the marijuana, and (4) led a criminal activity which involved five or more participants. Presentence Investigation, ECF No. 128 at ¶ 59; Statement of Reasons, ECF No. 136 at 1. The Court adopted the presentence investigation and sentenced Villegas on February 23, 2022, at the bottom of the advisory guidelines range to 360 months' imprisonment followed by a 10 years' supervised release. Statement of Reasons, ECF No. 136 at 1; J. Crim. Case, ECF No. 135. The Court of Appeals for the Fifth Circuit Court of Appeals affirmed the sentence on February 3, 2023. *United States v. Villegas*, No. 22-50150, 2023 WL 1499581 (5th Cir. Feb. 3, 2023).

Villegas now raises four claims in his § 2255 motion. First, he asserts his trial counsel provided ineffective assistance when he failed to challenge the notice of enhancement. Mot. to Vacate, ECF No. 154 at 16–19. Second, Villegas avers his appellate counsel similarly provided ineffective assistance when he failed to challenge the Government's notice of enhancement in his direct appeal. *Id*. at 19. Third, Villegas claims his trial counsel erred when he failed to attack on constitutional grounds the notice of enhancement. *Id*. at 19–27. Finally, he argues his trial counsel

2

gave ineffective assistance when he failed to challenge on constitutional grounds the relevant conduct used to enhance his sentence. *Id*. at 27–31. He asks the Court to vacate his sentence. *Id.* at 31.

## STANDARD OF REVIEW

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.'"). And it identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence.

*Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

A prisoner may bring a Sixth Amendment "ineffective-assistance-of-counsel claim … in a collateral proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). If he does, his claim is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, he has the burden of showing (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. To establish deficient performance, he must prove that his counsel's assistance fell "'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). In other words, he must show his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Lincks*, 82 F.4th 325, 330–31 (5th Cir. 2023). "[T]o establish prejudice, [he] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

4

...

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694).

## ANALYSIS

### A. Failure of Counsel to Challenge Enhancement

Villegas asserts in his first three claims that his trial and appellate counsel provided constitutionally ineffective assistance when they failed to challenge the notice of enhancement. Mot. to Vacate, ECF No. 154 at 15–19. He argues—in light of several recent court decisions—his prior aggravated assault conviction was not a crime of violence and did not justify the enhancement from a ten to a 15-year mandatory minimum sentence. *Id*. at 17–19 (citing *Borden v. United States*, 593 U.S. 420, 423 (2021); *United States v. Stoglin*, 34 F.4th 415, 419 (5th Cir. 2022)). He also maintains "the constitution requires that a jury find (or defendant admit) that a defendant's predicate offense[s] are crimes of violence." *Id.* at 20.

Villegas was found guilty of conspiring to import more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and (b)(1)(G). Section 960(b)(1) provides a defendant who knowingly or intentionally imports a controlled substance "after a prior conviction for a … serious violent felony has become final … shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment." 21 U.S.C. § 960(b)(1). But 21 U.S.C. § 851 ensures a defendant shall not "be sentenced to increased punishment by reason of one or more prior convictions, unless before trial … the United States attorney files an information with the court … stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Since Villegas had a prior conviction for aggravated assault—and the United States

Attorney filed an information believing the prior conviction was for a serious violent felony—the Court could reasonably conclude his mandatory minimum sentence was 15 years' imprisonment. 21 U.S.C. § 960(b)(1)(G); *see, e.g., United States v. Moore*, 711 F. App'x 757, 761 (5th Cir. 2017) ("Moore fails to show that the district court clearly or obviously erred when it concluded that his 2009 and 2011 aggravated assault convictions qualify as violent felonies").

In *Borden*, the Supreme Court held on June 10, 2021—or before Villegas' sentencing—that a criminal offense which requires only a *mens rea* of recklessness could not count as a "violent felony" under the elements clause of the Armed Career Criminal Act. *Borden*, 593 U.S. at 423. And in *Stoglin*, the Firth Circuit held on May 17, 2022—or after Villegas' sentencing—that "under *Borden*, because Texas aggravated assault can be committed recklessly, Stoglin has not committed a serious violent felony." *Stoglin*, 34 F.4th at 419.

Still, "counsel's inability to foresee *future* pronouncements which will dispossess the court of power to impose a particular sentence which is presently thought viable does not render counsel's representation ineffective." *United States v. Cooks*, 461 F.2d 530, 532 (5th Cir. 1972) (emphasis in original). Competence, not prescience, is what the constitution requires. Indeed, "the prejudice prong of the *Strickland* test is measured at the time the ineffective assistance claim is raised." *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir.1998). But even if Villegas' counsel had objected to the enhancement—and the Court had sustained the objection—Villegas' sentence would have remained the same.

Villegas was held accountable for 5,665 kilograms of marijuana. Presentence Investigation, ECF No. 128 at ¶ 10. As a result, his base offense level was established at 32 using Sentencing Guideline § 2D1.1(a)(5) and the Drug Quantity Table at § 2D1.1(c)(4). Presentence

Investigation, ECF No. 128 at ¶ 18. A two-level upward adjustment was added pursuant to Sentencing Guideline § 2D1.1(b)(12) because Villegas "maintained a premises for the purposes of distributing a controlled substance." *Id.* at ¶ 19. A two-level upward adjustment was added under Sentencing Guideline § 2D1.1(b)(16)(C) for Villegas' involvement as "a leader in a criminal activity with five or more participants and was directly involved in the importation of marijuana into the United States from Mexico." *Id.* at ¶ 20. Finally, a four-level upward adjustment was added under Sentencing Guideline § 3B1.1(a) for Villegas' role as an "organizer or leader of a criminal activity." *Id.* at ¶ 22. As a result, "[b]ased upon a total offense level of 40 and a criminal history category of IV, [Villegas'] guideline imprisonment range [was] 360 months to Life"—or well above the 15-year mandatory minimum sentence. *Id.* at ¶ 59. Villegas was sentenced at the bottom of the advisory guidelines range to 360 months' incarceration followed by a 10-year term of supervised release based on the quantity of drugs attributed to him—not his prior conviction for an aggravated assault. J. Crim. Case, ECF No. 135. His within-guidelines sentence was presumed to be reasonable. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015) (citation omitted).

      To establish the second prong of the *Strickland* test—prejudice—the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693). Failure to demonstrate prejudice pretermits the Court's inquiry regarding the alleged deficiency of counsel's performance. *See, e.g., Amador v. Quarterman*, 458 F.3d 397, 412 (5th Cir. 2006) (citing *Strickland*, 466 U.S. at 697); *United States v. Pierce*, 959 F.2d 1297, 1302 (5th Cir. 1992).

Villegas cannot show his counsels' omissions prejudiced his cause as he was sentenced well above the mandatory minimum sentence. He is not entitled to relief on his first three claims.

### B. Failure to Challenge Relevant Conduct

In his final claim, Villegas argues his trial counsel gave ineffective assistance when he failed to challenge the relevant conduct used to enhance his sentence on constitutional grounds. Mot. to Vacate, ECF No. 154 at 27–31. Specifically, he observes that he was held responsible for a total of 5,662 kilograms of marijuana, but notes that this amount was never intercepted by the authorities. *Id*. at 28. He contends that the current practice of allowing the judge to sentence a defendant based on facts not found beyond a reasonable doubt by a jury violates due process. *Id*. at 29. He maintains the relevant conduct subsection of the Sentencing Guidelines is not consistent with the constitutional principles which lie at the foundation of our criminal law. *Id*. at 30. In his reply, he argues that Sentencing Guideline § 1B1.3—which allows for the consideration of relevant conduct in determining the base offense level to be applied to a particular case—violates his Fifth and Sixth Amendment rights. Reply, ECF No. 163 at 10.

"[D]ue process requires the government to present evidence sufficient to prove each element of a criminal offense beyond a reasonable doubt." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). But a "district court is not bound by the quantity of drugs mentioned by the indictment" when determining a sentence. *United States v. Sarasti*, 869 F.2d 805, 806 (5th Cir. 1989). And acts which constitute relevant conduct are not elements of a criminal offense and may "be considered for purposes of determining whether an enhancement on the basis of the defendant's role is appropriate." *United States v. Patino-Cardenas*, 85 F.3d 1133, 1137 (5th Cir. 1996). Consequently, a court may consider relevant

conduct in calculating a defendant's base offense level under the Sentencing Guidelines—without running afoul of the Constitution. *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009).

Furthermore, "[i]n determining the relevant facts at sentencing, the district court is not restricted to information that would be admissible at trial. [It] may consider any information which has 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995) (quoting U.S. SENT'G GUIDELINES MANUAL § 6A1.3 cmt. (U.S. SENT'G COMM'N 2021)). A presentence report "is considered reliable and may be considered as evidence by the trial judge in making factual sentencing determinations." *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992) (citing *United States v. Sanders*, 942 F.2d 894, 897–898 (5th Cir. 1991)).

Facts contained in a presentence investigation are, of course, rebuttable. *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir.1994); *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019). Such rebuttal evidence must demonstrate that the information is "materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991); *United States v. Harris*, 702 F.3d 226, 230 (5th. Cir. 2012) (citing *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir. 1999)).

The Sentencing Guidelines provide that in the case of a jointly undertaken criminal activity, relevant conduct may include:

> all acts and omissions of others that were—
>
> (i) within the scope of the jointly undertaken criminal activity,
>
> (ii) in furtherance of that criminal activity, and
>
> (iii) reasonably foreseeable in connection with that criminal activity;

9

> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S. SENT'G GUIDELINES MANUAL § 1B1.3(a)(1) (U.S. SENT'G COMM'N 2021). The Fifth Circuit has held "that, in permitting the sentencer to consider uncharged conduct when determining a defendant's base offense level, § 1B1.3 is *not unconstitutional*." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) (emphasis added). The Eighth Circuit has explained that "section 1B1.3(a)(2) is authorized by statute and does not violate the constitutional rights to indictment, jury trial, and proof beyond a reasonable doubt." *United States v. Galloway*, 976 F.2d 414, 416 (8th Cir. 1992). So, in a drug trafficking conspiracy case, "the base offense level can reflect quantities of drugs not specified in the count of conviction 'if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.'" *United States v. Moore*, 927 F.2d 825, 827 (5th Cir. 1991) (quoting *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990)).

The probation officer who prepared the presentence investigation identified the relevant conduct—including drug quantities—involved in Villegas' jointly undertaken criminal activity. Presentence Investigation, ECF No. 128, at ¶ 4 through ¶ 10. His drug quantity calculation was never rebutted by Villegas' counsel—or by Villegas himself in his subsequent filings. *See*, *e.g.*, Letter, ECF No. 129. So, the probation officer correctly and accurately identified the relevant conduct for which Villegas could be held responsible. *Id*. And as a result of this assessment, he determined Villegas' base offense level was 32 due to the quantity of drugs—and 40 due to Villegas' leadership role in the conspiracy. *Id*. ¶18. His report—including his assessment of the relevant conduct—was adopted without change by the Court. Statement of Reasons, ECF No. 136.

Villegas' conclusory statements concerning the constitutionality of Sentencing Guideline § 1B1.3 or the use of relevant conduct in determining a sentence, unsupported by factual allegations, are insufficient to support his due process claim. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979). Under these circumstances, Villegas fails to meet his burden of showing, by a preponderance of the evidence, that the performance of his trial or appellate counsel was either deficient or prejudiced his cause. He is not entitled to relief on this claim.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case is adequate to dispose fully and fairly of Villegas' claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Villegas' claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

### CONCLUSIONS AND ORDERS

The Court concludes that Villegas has failed to meet his burden of showing both (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689–94. The Court further concludes Villegas has failed to assert claims establishing (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *Seyfert*, 67 F.3d at 546. The Court also concludes that Villegas is not entitled to a hearing or a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Villegas' *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 154) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Villegas is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Villegas is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED** this 28th day of May 2024.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**